IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUNE STONESTREET**                                                              **PLAINTIFF**

v.                                                                      CAUSE NO. 1:20-cv-65-LG-RPM

**UNITED STATES OF AMERICA AND**
**JOHN DOES 1-5**                                                              **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO INTRODUCE VIDEO DEPOSITION
IN LIEU OF LIVE TRIAL TESTIMONY</u>

**BEFORE THE COURT** is the [48] Motion to Introduce Testimony of Treating Physician by Video Deposition in Lieu of Live Trial Testimony, filed by Plaintiff, June Stonestreet. Defendant, the United States of America, filed a [51] Response to the Motion and later [55] supplemented said Response. After considering the parties' filings, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

### BACKGROUND

In this premises liability case filed under the Federal Tort Claims Act ("FTCA"), Plaintiff June Stonestreet alleges that she fell while reaching for a carton of eggs at the Commissary of Keesler Air Force Base in Biloxi, Mississippi on May 3, 2018. (*See* Compl., ¶ 6, ECF No. 1). Plaintiff alleges that her resulting injuries were caused by the negligence of Keesler Air Force Base, which conduct she attributes to Defendant, the United States of America. (*Id.* ¶¶ 7-9). Plaintiff complains of permanent impairments resulting from her injuries and sues for

medical expenses, physical pain and suffering, lost earning capacity, lost wages, and other damages arising from her fall. (*Id.* ¶¶ 8, 16).

Plaintiff received treatment for her injuries from Dr. Matthew Lewis of Bienville Orthopedics Specialists. In December 2020, Plaintiff designated Dr. Lewis as an expert witness. (*See* Not. Serv. Designation of Experts, ECF No. 34). On February 9, 2021, Plaintiff [43] noticed his deposition, scheduled to take place on March 10, 2021. Thereafter, Plaintiff's counsel asked Defendant's counsel if the deposition could be used in lieu of live testimony at trial, but no agreement was reached. On March 2, 2021, Plaintiff [47] amended her notice to a video deposition of Dr. Lewis. The same day, Plaintiff filed the instant [48] Motion to Introduce Testimony of Treating Physician by Video Deposition in Lieu of Live Trial Testimony. Defendant [51] responded and later [55] supplemented its response. The issues are now ripe for disposition by the Court.

## DISCUSSION

The Federal Rules of Civil Procedure provide certain circumstances in which deposition testimony may be used in place of live testimony at trial:

> (4) A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> (A) that the witness is dead;
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

>   (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
>   (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4).

"The use of a deposition at trial is within the district court's discretion, and the decision of the district court will not be overturned except for an abuse of that discretion." *Delgado v. City of El Campo*, 68 F.3d 471, 1995 WL 581848, at *3 (5th Cir. 1995). "The burden rests upon the party offering the deposition to establish the unavailability of the witness." *Id.* (citing *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 552 (5th Cir. 1989)). Additionally, there is a "stringency with which this particular set of requirements is applied." *Swearingen v. Gillar Home Health Care, L.P.*, 759 F. App'x 322, 323-24 (5th Cir. 2019). "A 'deposition is an acceptable substitute for oral testimony when in-court observation of the witness is extremely difficult or virtually impossible.'" *Id.* (citing *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987)); *see also Swearingen*, 759 F. App'x at 324 ("The other specifically identified grounds for unavailability indicate the Rule does not take lightly the allowing of deposition testimony at trial.").

Moreover, under Rule 804 of the Federal Rules of Evidence, a witness is unavailable where he or she is exempted by privilege, refuses to testify, testifies to a failure to remember the subject-matter, cannot testify due to an infirmity or illness, or otherwise is absent and cannot be compelled to testify. Fed. R. Evid. 804(a). An unavailable witness's testimony is excepted from the rule against hearsay where it

-3-

"(A) was given as a witness at a trial, hearing, or lawful deposition, . . . and (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination." *Id.* R. 804(b)(1).

Plaintiff maintains that there are "exceptional circumstances" justifying the use of Dr. Lewis's video deposition in place of live testimony, as he "is a successful and busy orthopedic surgeon," such that live testimony would "require[e] him to shut down his practice for an extended period," which "is unduly burdensome." (*See* Mem. Supp. Pl.'s Mot. Introduce Testimony of Treating Physician by Video Dep. in Lieu of Live Trial Testimony, at 5, ECF No. 49). However, a physician's busy schedule is generally not considered an exceptional circumstance warranting the use of deposition testimony. *See Krase v. Jialiang Qi*, No. CV417-166, 2020 WL 4016250, at *3 (S.D. Ga. July 16, 2020) ("Neither have courts recognized doctors' often busy schedules as, alone, sufficient to create an exceptional circumstance.").[1] The Court concludes that the Fifth Circuit's stringent interpretation of Rule 32 disfavors a finding that a physician's busy schedule amounts to an "exceptional circumstance." *See, e.g., Hegwood v. Ross Stores, Inc.*, No. 3:04CV2674-BH-G, 2007 WL 102994, at *2 (N.D. Tex. Jan. 16, 2007) (finding that a physician's busy schedule

---

[1] The Court does note, however, that "[c]ourts are sharply split regarding whether a physician's professional responsibilities constitute 'exceptional circumstances' justifying the use of his deposition in lieu of live testimony." *Rementer v. United States*, No. 8:14CV642-T-17MAP, 2015 WL 12862518, at *1 (M.D. Fla. Sep. 16, 2015) (citing *McDaniel v. BSN Med., Inc.*, No. 4:07CV36-M 2010 WL 2464970 (W.D. Ky. 2010)). That court ultimately denied the physician leave to introduce his testimony by way of video deposition. *Rementer*, 2015 WL 12862518, at *1.

is not an exceptional circumstance justifying substitution of his video deposition for live testimony).

Thus, Plaintiff has not demonstrated an exceptional circumstance justifying departure from the general rule in favor of live testimony. Neither has Plaintiff shown that Dr. Lewis is unavailable within the meaning of Federal Rule of Evidence 804.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [48] Motion to Introduce Testimony of Treating Physician by Video Deposition in Lieu of Live Trial Testimony, filed by Plaintiff, June Stonestreet, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 6th day of April, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE